MOONEY, Respondent, v. STEAMBOAT NAVIGATOR, Appellant.

1. A judgment rendered by a justice of the peace of St. Louis county against a steamboat may be certified by such justice, under section 32 of the act concerning boats and vessels (R. C. 1855, p. 311), to the clerk of the court of common pleas of said county, and may be enforced as other judgments rendered against boats and vessels in said common pleas court, although the same had not been certified to the clerk of the circuit court.

*Appeal from St. Louis Court of Common Pleas.*

The steamboat Navigator was seized and sold, in a proceeding in the St. Louis court of common pleas, under the boat and vessel act. Publication was made, in accordance with the requirements of the statute, to all creditors having claims against said steamboat to file and prove their demands in said court of common pleas. On the day appointed for establishing the validity of the respective lien demands against the said boat, John Mooney presented a transcript of a judgment rendered against the Navigator by Philip McDonald, a justice of the peace of St. Louis county. No transcript of this judgment had been certified to the clerk of the circuit court. One of the creditors of the boat, in its behalf, objected to receiving said transcript in evidence. The court overruled the objection and allowed the demand evidenced by said judgment.

*H. N. Hart*, for appellant.

NAPTON, Judge, delivered the opinion of the court.

It is claimed in this case that a transcript of the judgment, obtained by Mooney before justice McDonald, should have been certified to the clerk of the circuit court, in order to its continuance as a lien and its allowance in the distribution of the proceeds of the sale made by order of the common pleas. This claim is based upon the 32d section of the law concerning boats and vessels in the revised code of 1855. That section provides that judgments before justices of the peace shall be certified to the clerk of the circuit court and be there enforced as other judgments obtained in that court. The third section of this law provides that these suits against boats and vessels may be commenced in the circuit courts throughout the state, but in St. Louis county the court of common pleas is also invested with this jurisdiction. The manifest intent of the 32d section is to require the transcript of the judgment before the justice to be filed in the court where the final distribution of the assets is to be made. The circuit court is mentioned alone, because, throughout the state (except in St. Louis), that court alone had jurisdiction; but, as a previous section of the act had already invested the court of common pleas in St. Louis with the same jurisdiction which the circuit courts throughout the state had, the section must be understood as embracing both tribunals here.

The other judges concurring, the judgment is affirmed.